MARISOL A. NAGATA
CA NO. 221387
BARRETT DAFFIN FRAPPIER TREDER &
WEISS, LLP
20955 PATHFINDER ROAD
SUITE 300
DIAMOND BAR, CA 91765
Phone: (626) 915-5714, Fax: (972) 661-7726
E-mail: NDCAECF@BDFGROUP.COM

Attorney for Movant
WELLS FARGO BANK, N.A., ALSO
KNOWN AS WACHOVIA MORTGAGE, A
DIVISION OF WELLS FARGO BANK, N.A.,
AND FORMERLY KNOWN AS WACHOVIA
MORTGAGE, FSB, FORMERLY KNOWN AS
WORLD SAVINGS BANK, FSB, its successors
and/or assigns

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br>CHARLES TURNBULL and CHRISTINE RENEE TURNBULL<br><br>Debtors. | CASE NO.: 10-11432-AJ-7<br>CHAPTER: 7<br>R.S. NO.: EAT-964<br><br>MOTION FOR RELIEF FROM THE AUTOMATIC STAY<br><br>DATE: August 12, 2010<br>TIME: 09:00 a.m.<br>PLACE: U.S. Bankruptcy Court<br>99 "E" Street<br>Santa Rosa, CA |

WELLS FARGO BANK, N.A., ALSO KNOWN AS WACHOVIA MORTGAGE, A DIVISION OF WELLS FARGO BANK, N.A., AND FORMERLY KNOWN AS WACHOVIA MORTGAGE, FSB, FORMERLY KNOWN AS WORLD SAVINGS BANK, FSB, its successors

1
MOTION FOR RELIEF FROM THE AUTOMATIC STAY

and/or assigns, hereby moves the court for an Order Terminating Automatic Stay for cause pursuant to (i) *11 U.S.C. Section 362(d)(1)* and (ii) *11 U.S.C. Section 362(d)(2)* on the grounds hereafter set forth:

1. On April 21, 2010, the Debtors CHARLES TURNBULL and CHRISTINE RENEE TURNBULL commenced this voluntary Chapter 7 case in the United States Bankruptcy Court for the Northern District of California, Santa Rosa Division, Case No. 10-11432-AJ-7. JEFFRY G. LOCKE is the duly appointed, qualified and acting Chapter 7 Trustee.

2. The court has subject matter jurisdiction over this Motion for Relief from the Automatic Stay under the provisions of *28 U.S.C. Section 157(b)* and *11 U.S.C. Section 362*. Venue in this court is proper under the provisions of *28 U.S.C. Sections 1408* and *1409*.

3. The Debtors' estate includes real property commonly known as 3125 N BUFFALO DRIVE UNIT 1105, LAS VEGAS, NV 89128 and legally described as follows:

PARCEL ONE(1):

UNIT NO.1105 IN BUILDING 38, AS SHOWN AND DESCRIBED IN THE FINAL MAP OF MAR A LAGO 2 ('MAP') RECORDED ON FEBRUARY 16, 1994, IN BOOK 60 OF PALTS, PAGE 45, IN THE OFFICE OF THE CLARK COUNTY RECORDER.

PARCEL TWO (2):

AN UNDIVIDED 1/12 FEE SIMPLE INTEREST AS TENANT IN COMMON IN AND TO ALL THE REAL PROPERTY, INCLUDING WITHOUT LIMITATION THE COMMON ELEMENT LYING WITHIN PHASE X DEFINED IN THE DECLARATION REFERRED TO BELOW, IN COMMON LOT X AS SHOWN AND DELINEATED ON THE MAP REFERRED TO ABOVE.

EXCEPTING THEREFROM, ALL UNITS AS SHOWN ON THE MAP.

RESERVING THEREFROM THE BENEFIT OF GRANTOR, ITS SUCCESSORS IN INTEREST, AND OTHERS, EASEMENTS FOR ACCESS, INGRESS, EGRESS, ENCROACHMENT, SUPPORT, MAINTENANCE, DRAINAGE, USE, ENJOYMENT, REPAIRS, AND OTHER PURPOSES, ALL AS DESCRIBED IN THE MASTER DECLARATIONOF COVENANTS, CONDITIONS, AND RESTRICTIONS AND RESERVATIONS OF EASEMENTS FOR DESERT SHORES RECORDED ON JUNE 1, 1988, IN BOOK 880601, AS DOCUMENT NO. 00011, AS AMENDED BY THE FIRST AMENDMENT THERETO RECORDED ON NOVEMBER 3, 1988, IN BOOK 881103, AS DOCUMENT NO. 00142, THE SECOND AMENDMENT THERETO RECORDED ON

SEPTEMBER 25, 1991, IN BOOK 910925, AS DOCUMENT NO. 01053, THE THIRD AMENDMENT THERETO RECORDED ON SEPTEMBER 30, 1992, IN BOOK 920930, AS DOCUMENT NO. 01206, AND THE FOURTH AMENDMENT THERETO RECORDED JANUARY 19, 1195, IN BOOK 950119, AS DOCUMENT NO.00990. (COLLECTIVELY, THE 'MASTER DECLARATION'), THE NOTICE OF ANNEXATION OF TERRITORY AND SUPPLEMENTAL DECLARATION FOR DESERT SHORES AND ESTABLISHMENT OF SUPPLEMENTAL DECLARATION FOR DESERT SHORES AND ESTABLISHMENT OF SUPPLEMENTAL DECLARATION FOR DESERT SHORES AND ESTABLISHMENT OF DELEGATE DISTRICT (DELEGATE DISTRICT NO.7) RECORDED ON AUGUST 31, 1988, IN BOOK 880331, AS DOCUMENT NO. 00402, AS AMENDED BY THE FIRST AMENDMENT THERETO RECORDED NOVEMBER 8, 1989, IN BOOK 891103, AS DOCUMENT NO. 00539 (COLLECTIVELY, THE 'NOTICE OF ANNEXATION'), AND THE DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS AND RESERVATIONS OF EASEMENTS FOR MAR-A-LAGO ('DECLARATION') RECORDED ON MARCH 24, 1993, IN BOOK 930324, AS DOCUMENT NO. 00972, AND RE-RECORDED MARCH 29, 1993, IN BOOK 930329, AS DOCUMENT NO. 01079, ALL IN THE OFFICIAL RECORDSL OF CLARK COUNTY, NEVADA.

FURTHER RESERVING THEREFROM, FOR THE BENEFIT OF THE OWNERS OF CODOMINIUMS IN THE MAR-A-LAGO CONDOMINIUM PROJECT EXCLUSIVE EASEMENTS FOR USE FOR PATIO, BALCONY AND POARKING PURPOSES, OVER AREAS DEFINED AS LIMITED COMMON ELEMENTS IN THE DECLARATION.

PARCEL THREE (3):

NON-EXCLUSIVE EASEMENT FOR ACCESS, INGRESS, EGRESS, USE, ENJOYMENT, DRAINAGE, ENROACHMENT, SUPPORT, MAINTENANCE, REPAIRS, AND FOR OTHER PURPOSES, ALL AS DESCRIBED IN THE MASTER DECLARATION, THE NOTICE OF ANNEXATION AND THE DECLARATION.

PARCEL FOUR (4):

AN EXCLUSIVE EASEMENT APPURTENANT TO PARCELS NO. 1 AND 2 DESCRIBED ABVE, FOR BALCONY PURPOSES, OVER AREAS DEFINED AND DESCRIBED AS LIMITED COMMON ELEMENTS IN THE DECLARATION AND AS SHOWN AND ASSIGNED ON THE MAP.

PARCEL FIVE (5):

AN EXCLUSIVE EASEMENT APPURTENANT TO PARCELO NO. 1 AND NO. 2 DESCRIBED ABOVE, FOR USE FOR PARKING PURPOSES, OVER AREAS DEFINED AS DESCRIBED AS LIMITED COMMON ELEMENTS IN THE DECLARATION AND AS SHOWN AND ASSIGNED ON THE MAP.

APN NO:138-16-517-087

4. Movant, its successors and assigns, is the current holder of a ARM Note in the original sum of $108,500.00 executed on or about October 14, 2004 by the Debtors CHARLES TURNBULL and CHRISTINE RENEE TURNBULL in favor of WORLD SAVINGS BANK,FSB.,. The Note is secured by a First priority Deed of Trust against said real property recorded on October 22, 2004, as

Instrument No. 20041022-0001725 in the Office of the County Recorder of Clark County, Nevada.

5. The original loan amount was payable with interest at the initial rate of 5.01% per annum in monthly principal and interest installments commencing November 29, 2004 and continuing thereafter each calendar month through November 01, 2034 at which time the entire unpaid principal balance plus accrued interest shall be due and payable. The interest rate and monthly payment are subject to periodic adjustments as specified in the Note. The current monthly payment is $317.94.

6. The loan is in default for the months of August 31, 2009 through and including May 24, 2010. Delinquent monthly installments total $6,370.10. Movant has also incurred corporate advances in the sum of $ 122.32. Another payment of $317.94 will become due on June 24, 2010. The ARM Note and Deed of Trust also obligate the borrower to pay reasonable attorney fees and costs incurred by the beneficiary to protect its interests. Movant has incurred attorney fees and costs totaling $800.00 in this relief from stay proceeding.

7. Movant commenced foreclosure proceedings against the real property by recording a Notice of Default on February 10, 2010. There is no foreclosure sale date currently scheduled. If title reverts to Movant, the real property will have to be marketed and sold to recover the beneficiary's investment. To do so, the real property would be listed for sale with a real estate broker with a commission payable upon close of escrow in a sum equal to 8% of the selling price. The total estimated costs of sale are $3,200.00.

8. The Debtors claim under penalty of perjury in Schedule A - Real Property and in Schedule D - Creditors Holding Secured Claims that the real property has a fair market value of $40,000.00. Schedule D - Creditors Holding Secured Claims also states that the real property is encumbered by. After deducting the estimated costs of sale and the total encumbrances from the Debtors' value of the real property, there is no remaining equity for the Debtors.

9.  Furthermore, the real property has no substantial value for the Debtors' estate. According to Schedule A, the fair market value of the real property is $40,000.00. The real property is encumbered by Movant's Deed of Trust securing a debt of $124,582.62, with additional encumbrances against the property totaling $0.00. Since the total encumbrances against the property are estimated to be $124,582.62, there is no equity in this asset for the Chapter 7 Trustee to administer.

10.  Finally, pursuant to the Individual Debtor's Statement of Intentions, the Debtors intend to surrender their right, title and interest in the real property.

11.  Since the equity in the real property does not adequately protect Movant's interest in the real property, there is cause to terminate the automatic stay under *11 U.S.C. Section 362(d)(1) and/or 11 U.S.C. Section 362(d)(2)* to allow Movant, its successors and/or assignees, to enforce its state law remedies to foreclose upon and to recover possession of the real property.

WHEREFORE, Movant prays for an Order as follows:

1.  For an Order Terminating Automatic Stay to allow Movant to enforce its state law foreclosure remedies against the real property described above and to allow the successful bidder to recover possession of said real property in accordance with applicable state laws.

2.  That the Order Terminating Automatic Stay be binding and effective notwithstanding any conversion of this case to a case under any Chapter of *Title 11* of the *United States Code* without further notice, hearing or court order.

3.  That the Order Terminating Automatic Stay be deemed effective and enforceable immediately upon its entry with no stay on its enforcement as prescribed by *Rule 4001(a)(3)* of the *Federal Rules of Bankruptcy Procedure*.

5
MOTION FOR RELIEF FROM THE AUTOMATIC STAY
Case: 10-11432    Doc# 25    Filed: 07/15/10    Entered: 07/15/10 13:27:30    Page 5 of 6
bkcabk_MFR.rpt-26/Northern/Santa Rosa/00000001723691                                    Page 5 of 6

4. For such other relief as the Court deems proper.

BARRETT DAFFIN FRAPPIER TREDER
& WEISS, LLP

Date: July 15, 2010         By:   /s/ MARISOL A. NAGATA
                                  MARISOL A. NAGATA
                                  Attorney for Movant